Exhibit A

```
_____   X   :
UNITED STATES DISTRICT COURT          :
SOUTHERN DISTRICT OF NEW YORK         :
_____   X   :

IN RE: EPHEDRA PRODUCTS LIABILITY LITIGATION   : 04 MD 1598 (JSR)
                                               :
_____
```

PERTAINS TO: *Sonja Lambert, et. al. v Rexall Sundown, Inc., et .al.* 06CV 05067

### AFFIRMATION OF COUNSEL FOR DAVID LAMBERT
### IN SUPPORT OF UNOPPOSED MOTION TO
### DISMISS DAVID LAMBERT WITH PREJUDICE

COMES NOW the **David Rosenblum, Esq.**, as Counsel for Plaintiff **DAVID LAMBERT**, who declares and affirms as follows:

1. I am David Rosenblum, Esq., who is counsel for David Lambert.

2. David Lambert is a named Plaintiff in the case of *Sonja Lambert et. al. v Rexall Sundown, Inc., et. al.*, 06CV 05067, now pending in the United States District Court for the Southern District of New York *(In RE Ephedra Liability Litigation 04 MD 1598).*

3. David Lambert has at all times pertinent to this suit, been a resident of Virginia, and has a last known residence at 871 Peat Mt. Road, Harrisonburg, VA 22802.

4. David Lambert is now divorced from the Plaintiff Sonja Lambert by Decree of Divorce entered June 15, 2007, in the Prince William Circuit Court, and upon information and belief, has remarried.

5. This suit, when originally filed in Florida, (Palm Beach County CA 02-10321AF), included his claim for loss of consortium. That case was dismissed pursuant to Florida Rule 1.061(a) and the doctrine of Forum Nonconviens by order dated December 9, 2005 for refiling in Virginia.

1

6. The case was refiled in Virginia (Prince William Circuit Court CL-68976) on April 6, 2006 and removed to U.S District Court for The Eastern District of Virginia and thereafter transferred to the MDL proceedings of this Court.

7. As counsel for David Lambert, I conveyed to him that he does not have a viable claim under Virginia law in this litigation, both in writings and in at least one direct telephone conversation with him, as further outlined below. I have been unable to obtain from him, a signed affirmation of the Stipulation of Dismissal.

8. I sent packages via Federal Express overnight delivery containing documents informing Mr. Lambert that he had no viable claim under Virginia law on February 14, 2008, and February 19, 2008. True and accurate copies of the letters are attached as Exhibits 1 and 2, respectively.

9. I received no responses to the February 14, 2008, and February 19, 2008, deliveries, and despite daily voice messages left on Mr. Lambert's cell phone, I finally reached him at his work in the evening and spoke with him, explaining the contents of my letters. Mr. Lambert mentioned that he had received the letters and mentioned the name of an attorney he had seen or wanted to see.

10. I spoke with that attorney, William Helsely, who advised that Mr. Lambert had not contacted him.

11. I sent Mr. Lambert another letter on March 3, 3008, with copies to Mr. Helsely, should he be contacted. A true and accurate copy of the letter is attached as Exhibit 3.

12. I re-sent the letter via Federal Express overnight delivery on April 2, 2008. A true and accurate copy of the letter is attached as Exhibit 4. The letter was returned as undeliverable,

2

as Mr. Lambert had moved.

13. After learning of a possible new address for Mr. Lambert, I sent another letter via Federal Express overnight delivery to 841 Mt. Peat Road, Harrisonburg, Virginia on April 8, 2008. A true and accurate copy of the letter is attached as Exhibit 5. Federal Express confirmed that the letter was received.

14. An internet search revealed that the Mt. Peat Road address is listed as being occupied by a Michael Kirby. I placed a telephone call on April 11, 2008, to the telephone number for that address. A woman who answered stated that they had in fact received the Federal Express delivery and had given it to David Lambert. She gave me another cell phone number for him.

15. I placed a call to the new cell phone number and spoke to woman who identified herself as Mr. Lambert's "wife." I asked to give Mr. Lambert my name and number and she said- "It doesn't matter; he's not signing any papers" and hung up abruptly.

16. I have made no other efforts to reach David Lambert, and he as not attempted to reach me.

17. Mr. Lambert has refused to sign a Stipulation of Dismissal or cooperate with his attorney.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE COMMONWEALTH OF VIRGINIA and THE UNITED STATES OF AMERICA, THAT THE FOREGOING AFFIRMATION IS TRUE AND CORRECT.

Executed this 18 day of April, 2008.

_____
David Rosenblum, Esq.

3