Exhibit  1

ROSENBLUM AND ROSENBLUM, L.L.C.

ATTORNEYS AND COUNSELLORS AT LAW

LLOYD'S ROW

228 SOUTH WASHINGTON STREET, SUITE 300

ALEXANDRIA, VIRGINIA 22314

PHONE: (703) 548-9002

FACSIMILE: (703) 548-8774

DAVID ROSENBLUM
david@rosenblumllc.com

ALAN ROSENBLUM
alan@rosenblumllc.com

MAILING ADDRESS:
POST OFFICE BOX 19110 320039
ALEXANDRIA, VIRGINIA 22320

February 14, 2008

**David Lambert**
**2784 Fairview RD**
**Mt. Crawford 22841**

                    **NY COURT Affirmation and Dismissal**

**Dear David:**

        As we discussed, I am enclosing an Affirmation, <u>which you need to read,</u> <u>sign and return to me in the envelope provided.</u>

        It explains why you do not have a recognized enforceable right to pursue a claim against Rexall. We only included you because we first tried to file in Florida, which perhaps might have recognized a husband's claim. That case was dismissed with direction to refile in Virginia, which definitely does not recognize a husband's claim. The Judge in New York is after me to get you off of the pleadings, but we need to include your acknowledgment that you should be removed because you have no enforceable claim in this case. So your prompt attention is needed.

        Call me if you have any questions.


                    **Very truly yours,**

                    **David Rosenblum**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: EPHEDRA PRODUCTS LIABILITY LITIGATION    : 04 MD 1598 (JSR)

PERTAINS TO: *Sonja Lambert, et. al. v Rexall Sundown, Inc., et .al.* 06CV 05067

## AFFIRMATION OF DAVID LAMBERT
## CONSENT TO DISMMISAL OF HIS CLAIM

COMES NOW the Plaintiff **DAVID LAMBERT**, who declares and affirms as follows:

*1.*   I am David Lambert, who is a named Plaintiff in the case of *Sonja Lambert et. al.
    v Rexall Sundown, Inc., et. al., 06CV 05067*, now pending in the United States
    District Court for the Southern District of New York *(In RE Ephedra Liability
    Litigation 04 MD 1598).*

2.   I have at all times pertinent to this suit, been a resident of Virginia, and now reside
    at 2784 Fairview Road, Mt. Crawford, VA  22841.

3.   I am now divorced from the Plaintiff Sonja Lambert by Decree of Divorce entered
    June 15, 2007, in the Prince William Circuit Court.

4.   I understand that this suit, when originally filed in Florida, (Palm Beach County
    CA 02-10321AF), included my claim for loss of consortium. That case was
    dismissed pursuant to Florida Rule 1.061(a) and the doctrine of Forum
    Nonconviens by order dated December 9, 2005 for refiling in Virginia.

5.   The case was refiled in Virginia (Prince William Circuit Court CL-68976) on
    April 6, 2006 and removed to U.S District Court for The Eastern District of
    Virginia and thereafter transferred to the MDL proceedings of this Court.

1

6. I understand that under the applicable Virginia law, an action for loss of consortium is derivative of the spouse's action for personal injuries, and both are governed by the law of the place where the personal injuries were suffered. *Pringle v. Sloan*, 4 Cir. L952272, 44 Va. Cir. 516, 517 (1996). As Sonja Lambert's injuries were suffered in Virginia, the conflicts law of Virginia would therefore look to Virginia tort law to determine my claim for loss of consortium. In Virginia, a husband's common-law right of action for loss of consortium has been abrogated by statute. Va. Code Ann. § 55-36; *Pringle*, 44 Va. Cir. at 516-17.

7. The pertinent Virginia statute reads as follows:

**§ 55-36. Contracts of, and suits by and against, married women. —* * *  In an action by a married woman to recover for a personal injury inflicted on her she may recover the entire damage sustained including the personal injury and expenses arising out of the injury, whether chargeable to her or her husband, notwithstanding the husband may be entitled to the benefit of her services about domestic affairs and consortium, * * * ; and no action for such injury, expenses or loss of services or consortium shall be maintained by the husband.** (Code 1919, § 5134; 1932, p. 21; 1950, p. 460.)

8. Moreover, because of our divorce, there could no longer be any right to assert such a claim.

9. I understand and agree that I should be removed from this case; that I have no enforceable claim or rights to any proceeds resulting from a verdict or settlement of Sonja Lambert's claim.  I agree to an Order Dismissing me as a named Plaintiff.

I HAVE READ THIS AFFIRMATION AND DISCUSSED ITS CONTENTS  WITH COUNSEL. I AM SIGNING THIS VOLUNTARILY AND ON MY OWN FREE WILL.      I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE COMMONWEALTH OF VIRGINIA and THE UNITED STATES OF AMERICA, THAT THE FOREGOING AFFIRMATION IS TRUE AND CORRECT.
      Executed this _____ day of _____, 2008.

_____
**David Lambert**

2